UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MISSOURI
EASTERN DIVISION

| | | |
|---|---|---|
| LAYTONYA SAYLES, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | No. 4:18-cv-00743-CDP |
| | ) | |
| SAINT LOUIS UNIVERSITY, | ) | |
| | ) | |
| Defendant, | ) | |

## MEMORANDUM AND ORDER

This matter is before the Court upon the application of plaintiff Laytonya Sayles for leave to commence this civil action without payment of the required filing fee. (Docket No. 2). Upon consideration of the financial information provided with the application, the Court finds that plaintiff is financially unable to pay the filing fee. Therefore, plaintiff will be granted leave to proceed in forma pauperis pursuant to 28 U.S.C. § 1915(a). Additionally, the Court will order plaintiff to show cause why her claims brought pursuant to the Age Discrimination in Employment Act (ADEA) should not be summarily dismissed for failing to exhaust administrative remedies.

**The Complaint**

Plaintiff has filed a pro se complaint under Title VII of the Civil Rights Act of 1964 (Title VII) and the ADEA. (Docket No. 1 at 1). She alleges that her position of employment with St. Louis University was eliminated after ten years. (Docket No. 1 at 5). On May 30, 2017, while plaintiff was at home pursuant to the Family and Medical Leave Act, she received a phone call informing her of the employment decision. Plaintiff states that two newer employees with less than one year of service, whom she describes as "a white younger male and female," remained in

positions that were not eliminated. She claims that she is the only African American in her department, aside from her supervisor, and that her supervisor did not know her position was being eliminated. (Docket No. 1-1 at 2). Plaintiff was told that the position was eliminated due to budget cuts, but notes that St. Louis University is advertising a position online that pays $10,000 more than the position they eliminated. In short, plaintiff believes that she was terminated because she was African American.

Plaintiff also asserts that she was subjected to discrimination on the basis of a disability. She alleges that she takes medicine for her disability that causes her to "smell different than [she] did before." When she approached the Chairman of the Department, a white man, "he would cover his mouth, plug his nose…or avoid" her. During the holiday season, she states that the Chairman gave all employees gifts except her. She also alleges that the Chairman reprimanded her for mistakes that were beyond her control, or for mistakes that others made. Finally, she states that she was told she was not allowed to pop popcorn even though there are "four white employees who pop popcorn every day." Based on this, plaintiff believes she was subject to different terms and conditions because of her disability.

The basis of plaintiff's charge of discrimination is race and disability. On February 14, 2018, the Equal Employment Opportunity Commission (EEOC) mailed her a right to sue letter, giving her ninety days to file a federal lawsuit. (Docket No. 1-1 at 1). Plaintiff filed this present action on May 14, 2018, eighty-nine days after the right to sue letter was mailed.

**Discussion**

Under 28 U.S.C. § 1915(e), the Court is required to dismiss a complaint filed in forma pauperis if it is frivolous, malicious, or fails to state a claim upon which relief can be granted. Plaintiff's Title VII claim appears to be timely and fully exhausted. Her right to sue letter from

the EEOC gave her ninety days from February 14, 2018 in which to file a lawsuit. Plaintiff's lawsuit was timely filed on May 14, 2018. Therefore, plaintiff's Title VII claim will survive § 1915 review.

However, plaintiff also purports to bring a claim under the ADEA. "The ADEA prohibits employers from discriminating against any individual on the basis of age with respect to his or her compensation, terms, conditions, or privileges of employment." *Jankovitz v. Des Moines Indep. Cmty. Sch. Dist.*, 421 F.3d 649, 652 (8th Cir. 2005). *See also Rahlf v. Mo-Tech Corp., Inc.*, 642 F.3d 633, 636 (8th Cir. 2011) (stating that the "ADEA prohibits discrimination against employees, age 40 and over, because of their age"); and *Kneibert v. Thomson Newspapers, Michigan Inc.*, 129 F.3d 444, 451 (8th Cir. 1997) ("The ADEA prohibits an employer from discharging any individual or otherwise discriminating against any individual with respect to his compensation, terms, conditions, or privileges of employment, because of such individual's age").

In order to succeed on an age discrimination claim, the plaintiff must show either direct evidence of discrimination, or evidence that is sufficient to create an inference of discrimination under the *McDonnell Douglas*[1] burden shifting framework. *Blackwell v. Alliant Techsystems, Inc.*, 822 F.3d 431, 435 (8th Cir. 2016). If the plaintiff does not offer direct evidence, "she must establish a prima facie case of it by showing that (1) she is a member of a protected class, (2) was qualified, (3) suffered adverse employment action, and (4) can provide facts that give rise to an inference of unlawful discrimination on the basis of a protected class status." *Id*. *See also Robinson v. American Red Cross*, 753 F.3d 749, 754 (8th Cir. 2014).

Plaintiff has checked the box on the form complaint stating that she is bringing an action under the ADEA. (Docket No. 1 at 1). She has also checked the box stating that she believes she

---

[1] *McDonnell Douglas Corp. v. Green*, 411 U.S. 792 (1973).

was discriminated against on the basis of her age, which is sixty-four. (Docket No. 1 at 5). In her statement of claim, she also alludes to newer employees, whose positions were not eliminated, as being "younger." However, in her administrative charge, she only checked the boxes for race and disability. (Docket No. 1-1 at 2). Moreover, the allegations in her administrative charge make no mention of age whatsoever.

"Exhaustion of administrative remedies is a condition precedent to the filing of an action under the ADEA in federal court." *Shelton v. Boeing Co.*, 399 F.3d 909, 912 (8th Cir. 2005). To assert an ADEA claim, the plaintiff must first file a charge of discrimination with the EEOC within 180 days after the alleged unlawful employment practice occurred. *Moses v. Dassault Falcon Jet-Wilmington Corp.*, 894 F.3d 911, 919 (8th Cir. 2018). This requirement provides the EEOC with an initial opportunity to investigate allegations of employment discrimination and work with the parties toward voluntary compliance and conciliation. *Shelton*, 399 F.3d at 912. "The proper exhaustion of administrative remedies gives the plaintiff a green light to bring her employment-discrimination claim, along with allegations that are like or reasonably related to that claim, in federal court." *Shannon v Ford Motor Co.*, 72 F.3d 678, 684 (8th Cir. 1996).

Here, plaintiff has filed a charge of discrimination with the EEOC. However, there is no indication that she alleged that she had been discriminated against on the basis of her age. Rather, the charge is predicated on alleged discrimination on the basis of race and disability.

"A plaintiff may seek relief for any discrimination that grows out of or is like or reasonably related to the substance of the allegations in the administrative charge." *Dorsey v. Pinnacle Automation Co.*, 278 F.3d 830, 838 (8th Cir. 2002). Since a person filing EEOC charges typically lacks legal training, the charges are interpreted liberally. *Cobb v. Stringer*, 850 F.2d 356, 359 (8th Cir. 1988). Nevertheless, to allow "a complaint to encompass allegations outside

the ambit of the predicate EEOC charge would circumscribe the EEOC's investigatory and conciliatory role, as well as deprive the charged party of notice of the charge, as surely as would an initial failure to file a timely EEOC charge." *Williams v. Little Rock Mun. Water Works*, 21 F.3d 218, 223 (8th Cir. 1994). Therefore, a plaintiff's claims of employment discrimination in his or her complaint "may be as broad as the scope of the EEOC investigation which reasonably could be expected to result from the administrative charge." *Parisi v. Boeing Co.*, 400 F.3d 583, 585 (8th Cir. 2005).

Plaintiff's claim of age discrimination under the ADEA is not like or reasonably related to the race and disability allegations in her administrative charge. Based on the contents of her administrative charge, the EEOC investigation could not have been expected to cover age-related claims. As such, in order to bring a claim of age discrimination under the ADEA, plaintiff first needs to exhaust her administrative remedies by filing an age-discrimination claim with the EEOC. *See Shelton*, 399 F.3d at 912; *Moses*, 894 F.3d at 919. Accordingly, the Court will order plaintiff to show cause as to why her ADEA claims should not be dismissed for failure to exhaust administrative remedies.

### Motion to Appoint Counsel

Plaintiff has filed a motion for appointment of counsel. (Docket No. 3). At this time, it appears plaintiff is able to reasonably assert her own interests. Therefore, the Court will deny plaintiff's motion. *See Ward v. Smith*, 721 F.3d 940, 942 (8th Cir. 2013) ("In civil cases, there is no constitutional or statutory right to appointed counsel").

Accordingly,

**IT IS HEREBY ORDERED** that plaintiff's motion for leave to proceed in forma pauperis (Docket No. 2) is **GRANTED.**

5

**IT IS FURTHER ORDERED** that plaintiff's motion for appointment of counsel (Docket No. 3) is **DENIED at this time**.

**IT IS FURTHER ORDERED** that plaintiff shall show cause, in writing and **no later than thirty (30) days from the date of this Order**, why plaintiff's ADEA claim should not be dismissed from this action for plaintiff's failure to adequately exhaust her administrative remedies with respect to this claim.

**IT IS FURTHER ORDERED** that if plaintiff fails to respond to this Memorandum and Order, her claim brought pursuant to the ADEA will be dismissed without prejudice.

Dated this 5th day of November, 2018.

_____
CATHERINE D. PERRY
UNITED STATES DISTRICT JUDGE