# UNITED STATES DISTRICT COURT
# EASTERN DISTRICT OF MISSOURI
# EASTERN DIVISION

| | |
|---|---|
| LAYTONYA SAYLES, | ) |
| Plaintiff, | ) ) ) |
| v. | ) No. 4:18-cv-00743-CDP |
| SAINT LOUIS UNIVERSITY, | ) ) ) |
| Defendant, | ) |

## MEMORANDUM AND ORDER

This matter comes before the Court on plaintiff Laytonya Sayles' response to the Court's order to show cause why her claims under the Age Discrimination in Employment Act (ADEA) should not be dismissed for failure to exhaust administrative remedies. (Docket No. 5). For the reasons discussed below, the Court will dismiss plaintiff's ADEA claims without prejudice. Additionally, as plaintiff's claims under Title VII of the Civil Rights Act of 1964 (Title VII) appear to be timely and fully exhausted, the Clerk of Court will be directed to issue process on defendant Saint Louis University.

## The Complaint

Plaintiff has filed a pro se complaint under Title VII and the ADEA. (Docket No. 1 at 1). She alleges that her position of employment with St. Louis University was eliminated after ten years. (Docket No. 1 at 5). On May 30, 2017, while plaintiff was at home pursuant to the Family and Medical Leave Act, she received a phone call informing her of the employment decision. Plaintiff states that two newer employees with less than one year of service, whom she describes as "a white younger male and female," remained in positions that were not eliminated. She claims that she is the only African American in her department, aside from her supervisor, and

that her supervisor did not know her position was being eliminated. (Docket No. 1-1 at 2). Plaintiff was told that the position was eliminated due to budget cuts, but notes that St. Louis University is advertising a position online that pays $10,000 more than the position they eliminated. In short, plaintiff believes that she was terminated because she was African American.

Plaintiff also asserts that she was subjected to discrimination on the basis of a disability. She alleges that she takes medicine for her disability that causes her to "smell different than [she] did before." When she approached the Chairman of the Department, a white man, "he would cover his mouth, plug his nose…or avoid" her. During the holiday season, she states that the Chairman gave all employees gifts except her. She also alleges that the Chairman reprimanded her for mistakes that were beyond her control, or for mistakes that others made. Finally, she states that she was told she was not allowed to pop popcorn even though there are "four white employees who pop popcorn every day." Based on this, plaintiff believes she was subject to different terms and conditions because of her disability.

The basis of plaintiff's charge of discrimination is race and disability. On February 14, 2018, the Equal Employment Opportunity Commission (EEOC) mailed her a right to sue letter, giving her ninety days to file a federal lawsuit. (Docket No. 1-1 at 1). Plaintiff filed this present action on May 14, 2018, eighty-nine days after the right to sue letter was mailed.

On November 5, 2018, the Court issued a memorandum and order requiring plaintiff to show cause why her ADEA claim should not be dismissed from this action for failure to adequately exhaust her administrative remedies. (Docket No. 4). The Court noted that plaintiff was required to file a discrimination charge with the EEOC before asserting an ADEA claim in

federal court. However, plaintiff's administrative charge did not include any allegations of age discrimination. Plaintiff was given thirty days to file a written response with the Court.

Plaintiff filed her response on December 4, 2018. The response mostly repeats the factual allegations contained in plaintiff's complaint, with some further amplification. She does not, however, address the issue of exhaustion of administrative remedies.

## Discussion

Under 28 U.S.C. § 1915(e), the Court is required to dismiss a complaint filed in forma pauperis if it is frivolous, malicious, or fails to state a claim upon which relief can be granted. For the reasons discussed below, plaintiff's claim under the ADEA will be dismissed for failure to exhaust her administrative remedies. However, plaintiff's claim under Title VII is sufficient to pass § 1915 review.

### A. Plaintiff's ADEA Claim

"The ADEA prohibits employers from discriminating against any individual on the basis of age with respect to his or her compensation, terms, conditions, or privileges of employment." *Jankovitz v. Des Moines Indep. Cmty. Sch. Dist.*, 421 F.3d 649, 652 (8th Cir. 2005). *See also Rahlf v. Mo-Tech Corp., Inc.*, 642 F.3d 633, 636 (8th Cir. 2011) (stating that the "ADEA prohibits discrimination against employees, age 40 and over, because of their age"); and *Kneibert v. Thomson Newspapers, Michigan Inc.*, 129 F.3d 444, 451 (8th Cir. 1997) ("The ADEA prohibits an employer from discharging any individual or otherwise discriminating against any individual with respect to his compensation, terms, conditions, or privileges of employment, because of such individual's age").

In order to succeed on an age discrimination claim, the plaintiff must show either direct evidence of discrimination, or evidence that is sufficient to create an inference of discrimination

under the *McDonnell Douglas*[1] burden shifting framework. *Blackwell v. Alliant Techsystems, Inc.*, 822 F.3d 431, 435 (8th Cir. 2016). If the plaintiff does not offer direct evidence, "she must establish a prima facie case of it by showing that (1) she is a member of a protected class, (2) was qualified, (3) suffered adverse employment action, and (4) can provide facts that give rise to an inference of unlawful discrimination on the basis of a protected class status." *Id*. See also *Robinson v. American Red Cross*, 753 F.3d 749, 754 (8th Cir. 2014).

Plaintiff has checked the box on the form complaint stating that she is bringing an action under the ADEA. (Docket No. 1 at 1). She has also checked the box stating that she believes she was discriminated against on the basis of her age, which is sixty-four. (Docket No. 1 at 5). In her statement of claim, she also alludes to newer employees, whose positions were not eliminated, as being "younger." However, in her administrative charge, she only checked the boxes for race and disability. (Docket No. 1-1 at 2). Moreover, the allegations in her administrative charge make no mention of age whatsoever.

"Exhaustion of administrative remedies is a condition precedent to the filing of an action under the ADEA in federal court." *Shelton v. Boeing Co.*, 399 F.3d 909, 912 (8th Cir. 2005). To assert an ADEA claim, the plaintiff must first file a charge of discrimination with the EEOC within 180 days after the alleged unlawful employment practice occurred. *Moses v. Dassault Falcon Jet-Wilmington Corp.*, 894 F.3d 911, 919 (8th Cir. 2018). This requirement provides the EEOC with an initial opportunity to investigate allegations of employment discrimination and work with the parties toward voluntary compliance and conciliation. *Shelton*, 399 F.3d at 912. "The proper exhaustion of administrative remedies gives the plaintiff a green light to bring her employment-discrimination claim, along with allegations that are like or reasonably related to that claim, in federal court." *Shannon v Ford Motor Co.*, 72 F.3d 678, 684 (8th Cir. 1996).

---

[1] *McDonnell Douglas Corp. v. Green*, 411 U.S. 792 (1973).

4

Here, plaintiff has filed a charge of discrimination with the EEOC. However, there is no indication that she alleged that she had been discriminated against on the basis of her age. Rather, the charge is predicated on alleged discrimination on the basis of race and disability.

"A plaintiff may seek relief for any discrimination that grows out of or is like or reasonably related to the substance of the allegations in the administrative charge." *Dorsey v. Pinnacle Automation Co.*, 278 F.3d 830, 838 (8th Cir. 2002). Since a person filing EEOC charges typically lacks legal training, the charges are interpreted liberally. *Cobb v. Stringer*, 850 F.2d 356, 359 (8th Cir. 1988). Nevertheless, to allow "a complaint to encompass allegations outside the ambit of the predicate EEOC charge would circumscribe the EEOC's investigatory and conciliatory role, as well as deprive the charged party of notice of the charge, as surely as would an initial failure to file a timely EEOC charge." *Williams v. Little Rock Mun. Water Works*, 21 F.3d 218, 223 (8th Cir. 1994). Therefore, a plaintiff's claims of employment discrimination in his or her complaint "may be as broad as the scope of the EEOC investigation which reasonably could be expected to result from the administrative charge." *Parisi v. Boeing Co.*, 400 F.3d 583, 585 (8th Cir. 2005).

Plaintiff's claim of age discrimination under the ADEA is not like or reasonably related to the race and disability allegations in her administrative charge. Based on the contents of her administrative charge, the EEOC investigation could not have been expected to cover age-related claims. As such, in order to bring a claim of age discrimination under the ADEA, plaintiff first needs to exhaust her administrative remedies by filing an age-discrimination claim with the EEOC. *See Shelton*, 399 F.3d at 912; *Moses*, 894 F.3d at 919.

The Court's memorandum and order of November 5, 2018, directed plaintiff to show cause why her ADEA claim should not be dismissed for failure to exhaust her remedies. (Docket

No. 4). Plaintiff's response neglects to deal with that specific issue. Because plaintiff has not demonstrated that she has exhausted her administrative remedies with respect to her ADEA claim, this claim will be dismissed without prejudice.

### B. Plaintiff's Title VII Claim

The purpose of Title VII is to ensure a workplace environment free of discrimination. *Ricci v. DeStefano*, 557 U.S. 557, 580 (2009). The act prohibits "employer discrimination on the basis of race, color, religion, sex, or national origin, in hiring, firing, salary structure, promotion and the like." *Winfrey v. City of Forrest City, Ark.*, 882 F.3d 757, 758 (8th Cir. 2018). Before filing an action under Title VII in federal court, a plaintiff must first exhaust his or her administrative remedies. *Lindeman v. Saint Luke's Hosp. of Kansas City*, 899 F.3d 603, 608 (8th Cir. 2018). *See also Brooks v. Midwest Heart Grp.*, 655 F.3d 796, 800 (8th Cir. 2011) (stating that "Title VII establishes an administrative procedure which a complaining employee must follow before filing a lawsuit in federal court"). A Title VII claimant is required to demonstrate good faith participation in the administrative process in order to exhaust his or her administrative remedies. *Briley v. Carlin*, 172 F.3d 567, 571 (8th Cir. 1999). "To exhaust administrative remedies an individual must: (1) timely file a charge of discrimination with the EEOC setting forth the facts and nature of the charge and (2) receive notice of the right to sue." *Rush v. State of Arkansas DWS*, 876 F.3d 1123, 1125 (8th Cir. 2017).

Plaintiff's Title VII claim appears to be timely and fully exhausted. She filed an administrative charge with the EEOC alleging employment discrimination on the basis of race and disability. On February 14, 2018, the EEOC mailed her a right to sue letter. (Docket No. 1-1 at 1). Plaintiff filed this present action on May 14, 2018, within the 90-day period provided by 42

U.S.C. § 2000e-5(f)(1). Therefore, the Clerk of Court will be directed to issue process on defendant Saint Louis University.

Accordingly,

**IT IS HEREBY ORDERED** that plaintiff's claim under the ADEA is **DISMISSED** without prejudice for failure to exhaust administrative remedies. A separate order of partial dismissal will be entered herewith.

**IT IS FURTHER ORDERED** that the Clerk of Court is directed to issue process or cause process to issue on plaintiff's Title VII claim by serving defendant Saint Louis University, c/o Office of the General Counsel, 221 Grand Boulevard, St. Louis, MO 63103-2097.

Dated this 10th day of December, 2018.

_____
CATHERINE D. PERRY
UNITED STATES DISTRICT JUDGE