UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MISSOURI
EASTERN DIVISION

| | | |
|---|---|---|
| LAYTONYA SAYLES, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | No. 4:18 CV 743 CDP |
| | ) | |
| SAINT LOUIS UNIVERSITY, | ) | |
| | ) | |
| Defendant. | ) | |

# MEMORANDUM AND ORDER

Plaintiff Laytonya Sayles claims that her employer, defendant Saint Louis University, unlawfully terminated her employment on account of her race and disability, in violation of Title VII of the Civil Rights Act of 1964, as amended, 42 U.S.C. §§ 2000e, *et seq.*, and the Americans with Disabilities Act of 1990, as amended, 42 U.S.C. §§ 12101, *et seq.*[1] Because the undisputed evidence before the Court shows that Sayles released all claims of discrimination against the University, I will grant the University's motion for summary judgment on Sayles' claims.

## Legal Standard

Summary judgment must be granted when the pleadings and proffer of evidence demonstrate that no genuine issue of material fact exists and that the

---

[1] I earlier dismissed Sayles' claim of age discrimination under the Age Discrimination in Employment Act, 29 U.S.C. §§ 621, *et seq.*, for failure to exhaust administrative remedies.

moving party is entitled to judgment as a matter of law. Fed. R. Civ. P. 56(a); *Celotex Corp. v. Catrett,* 477 U.S. 317, 322-23 (1986); *Torgerson v. City of Rochester,* 643 F.3d 1031, 1042 (8th Cir. 2011) (en banc). I must view the evidence in the light most favorable to the nonmoving party and accord her the benefit of all reasonable inferences. *Scott v. Harris,* 550 U.S. 372, 379 (2007). Initially, the moving party must demonstrate the absence of an issue for trial. *Celotex,* 477 U.S. at 323. Once a motion is properly made and supported, the nonmoving party may not rest upon the allegations in her pleadings or in general denials of the movant's assertions, but must instead come forward with specific facts showing that there is a genuine issue for trial. *Id.* at 324; *Torgerson,* 643 F.3d at 1042. A verified complaint is equivalent to an affidavit for summary judgment purposes. *Hanks v. Prachar*, 457 F.3d 774, 775 (8th Cir. 2006) (per curiam).

If the nonmoving party fails to properly address an assertion of fact made by the movant, the Federal Rules of Civil Procedure permit me to consider the fact undisputed. Fed. R. Civ. P. 56(e)(2). The Local Rules of this Court, however, require it. Under Local Rule 4.01(E), moving parties must include a statement of uncontroverted material facts with their memorandum, with citations to the record if the fact(s) are established by the record.

> Every memorandum in opposition shall include a statement of material facts as to which the party contends a genuine issue exists. Those matters in dispute shall be set forth with specific references to portions of the record, where available, upon which the opposing

party relies. The opposing party also shall note for all disputed facts the paragraph number from movant's listing of facts. *All matters set forth in the statement of the movant shall be deemed admitted for purposes of summary judgment unless specifically controverted by the opposing party.*

E.D. Mo. L.R. 4.01(E) (emphasis added). A party's pro se status does not excuse them from complying with the rule. *See Bennett v. Dr Pepper/Seven Up, Inc.*, 295 F.3d 805, 808 (8th Cir. 2002). Accordingly, I deem admitted any statement of fact that Sayles did not specifically controvert in response to the University's motion.

**Evidence Before the Court on the Motion**

The following recitation of undisputed facts is taken from Sayles' verified complaint, the University's Statement of Uncontroverted Material Facts, and my independent review of the record. The facts stated in the University's Statement are deemed admitted because Sayles did not specifically controvert them in response to the motion for summary judgment. Further, because a party cannot rely on unsworn/unattested declarations or statements to support or oppose a motion for summary judgment, I do not consider the unsupported factual averments made in Sayles' unsworn response to the University's motion. *Banks v. Deere*, 829 F.3d 661, 667-68 (8th Cir. 2016).

Plaintiff Sayles was a Senior Financial Assistant at St. Louis University. On May 30, 2017, the University informed Sayles that it was eliminating her position and that her employment would be terminated. On or around that same date, the

University presented Sayles with a Mutual Agreement of Separation, Waiver, and Release (Release Agreement).

Sayles had worked at the University for ten years. When the University informed Sayles' of her termination on May 30, she was on leave under the Family Medical Leave Act as a result of being involved in a motor vehicle accident that occurred on April 12, 2017.

On July 10, 2017, Sayles signed a Charge of Discrimination alleging that the University discriminated against her in her employment on account of her race and disability.[2] The charge was filed with the Missouri Commission on Human Rights and the EEOC on July 19, 2017.

On July 12, 2017, Sayles executed the Release Agreement, which provided, in part:

> Release by Employee. In consideration of the payment, benefits and rights provided to Employee under the terms of this Agreement, Employee, for and on behalf of Employee and Employee's heirs and assigns, hereby forever releases the [University], and each and every one of its past and present trustees, officers, employees, insurers, attorneys, agents or representatives (collectively, the "University Releasees"), from any and all manner of claims, complaints or causes of action of any kind and nature whatsoever, which Employee may have or claim to have against the University Releasees by reason of Employee's employment with the Employer, Employee's separation from employment with the Employer, or otherwise (the "Released Claims").

---

[2] In her charge of discrimination, Sayles claimed her disability was a medicine-induced odor that caused the chairman of her department to cover his mouth, plug his nose, and avoid her. (ECF 1-1.)

> Such Released Claims include, but are not limited to, claims under Title VII of the Civil Rights Act of 1964, as amended, 42 U.S.C. §§2000e, et seq., the Age Discrimination in Employment Act of 1967 ("ADEA") and the Older Worker Benefit Protection Act ("OWBPA"), as amended, 29 U.S.C. §§621, et seq., [and] the Americans With Disabilities Act, as amended, 42 U.S.C. §§12101, et seq. . . .

Paragraph 6 of the Release Agreement provided, in part:

> <u>Time for Consideration and Return of Executed</u> Agreement. Employee understands that Employee has forty-five (45) days calendar days from Employee's receipt of this Agreement to consider and accept it. . . . Employee further understands that Employee may revoke this Agreement within seven (7) calendar days after signing it[.] . . .
>
> Employee acknowledges that Employer hereby advises Employee to consult an attorney (at Employee's expense) concerning the meaning and legal implications of this Agreement before signing it. Employee acknowledges that Employee has had sufficient time to seek the advice and assistance of an attorney, that Employee understands fully all of the terms of this Agreement, that it is in writing and is written in manner that is understood by Employee, that Employee has been afforded sufficient time to review this Agreement in order to decide whether to sign, that Employee has signed this Agreement of Employee's own free will and under no threat or duress by the Employer or any other person.

As consideration for Sayles' release of all claims arising from her employment with the University and separation therefrom, the University provided Sayles severance payments in the form of the continuation of Sayles' base salary paid over a period of fifteen weeks in the gross amount of $12,768.00. The University also provided additional consideration, including assistance from human resources and career services.

From August 4 through November 30, 2017, the University issued several severance payments to Sayles in the form of checks.

## Discussion

An employee's waiver of rights to bring an employment discrimination claim in exchange for a settlement agreement is valid when such waiver is knowing and voluntary. *Warnebold v. Union Pac. R.R.*, 963 F.2d 222, 223 (8th Cir. 1992).

In her unsworn response to the University's motion for summary judgment, Sayles appears to contend that her execution of the Release Agreement was not knowing because she had had a severe concussion from the motor vehicle accident. Sayles provides no support for this averment and I do not consider it in determining the University's summary judgment motion. *Banks*, 829 F.3d at 667-68.[3]

My review of the Release Agreement *in toto* shows it to constitute a clear, knowing, and voluntary waiver of Sayles' employment discrimination claims. The Release Agreement was itself clear and unambiguous. Sayles was given substantial time to consider the Release Agreement and its terms, and she signed the agreement forty-three days after the University provided it to her. Sayles had seven days thereafter to revoke the agreement and did not do so. The Release

---

[3] I note that two days before executing the Release Agreement, Sayles signed her charge of discrimination under penalty of perjury.

Agreement also advised Sayles to consult an attorney regarding the meaning and legal implications of the agreement before signing it. By signing the agreement, Sayles acknowledged that she fully understood the terms of the agreement and that she had had sufficient time to review it. Finally, by virtue of the nature and length of her position with the University, it is reasonable to infer that Sayles was an educated and knowledgeable individual.

Because the Release Agreement was supported by consideration and constituted a knowing and voluntary waiver of Sayles' employment discrimination claims, Saint Louis University is entitled to summary judgment on Sayles' claims.

Accordingly,

**IT IS HEREBY ORDERED** that defendant Saint Louis University's Motion for Summary Judgment [17] is **GRANTED.**

An appropriate Judgment is entered herewith.

_____
CATHERINE D. PERRY
UNITED STATES DISTRICT JUDGE

Dated this 23rd day of April, 2019.